[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 9858
The plaintiff, James Dykes, by writ summons and complaint, dated December 4, 1991, brought this action to dissolve his marriage to the defendant, Margaret Dykes.
The plaintiff and the defendant, whose maiden name was Margaret Ann Farrell, intermarried on April 14, 1984, at Ivoryton, Conn. Both parties have resided continuously in this state since the date of this complaint. The parties had previously been married to each other; that marriage ended in a dissolution. The minor children, Jamie Dykes, born December 21, 1975, and Melanie Dykes, born November 18, 1978 are the only lawful issue of this and their prior marriage.
Neither party to this action nor their dependents are recipients of state or public assistance.
After a full trial, at which all parties were present, based on a preponderance of the credible, admissible and relevant evidence the court finds, concludes and orders as follows.
The parties, prior to this marriage had been married to and divorced from each other.
The plaintiff is gainfully employed in an apparently secure position and earns approximately $49,000 per year.
The defendant has a limited intellectual capacity and is seriously limited in employability. She attended elementary school as a special education student and remained in the fifth grade until the age of 15. She is capable, at this time, of only working at jobs such as dishwashing, house cleaning, and perhaps simple assembly tasks in a factory. She suffers from a stress disorder resulting in panic attacks and emotional outbursts. She is under medication for stress but refuses to take any medication for depression CT Page 9859 which she develops on occasion. She was recently psychologically tested for basic competency as an adult in the areas of reading, spelling and mathematics where she scored below the first percentile in all three areas.
During this and her prior marriage she was subjected to physical abuse by the plaintiff who struck and marked her with bruises. Such attacks have ceased or at least became rare since 1987.
The defendant is currently working cleaning house and earns $50.00 per week.
Under the facts and circumstances in this case, it is difficult to ascribe total fault as to the breakdown of the marriage. The emotional and limited capacity of the defendant coupled with the evident rigidity of the plaintiff gave the marriage little chance of success. However, the plaintiff, particularly with respect to the parties remarriage to each other, obviously knew or should have known of the defendant's psychological problems and consequently should bear the extra burden of making the marriage work. Evidently, he would or could not and because of the lack of sensitivity, understanding or patience he fell short of the qualities required in his marriage to the defendant. Thus, the fault lies with the plaintiff because he was unable to assume the extra onus required by him.
The court holds that General Statutes Sec.46b-85 does not apply to this case as it is concerned with ". . . support payments to third parties responsible for the support of a mentally ill spouse." Roach v. Roach, 20 Conn. App. 500,512 (1990).
Accordingly, taking into account the strictures of General Statutes Sec. 46b-81 and 46b-82 the court fashions the following orders and awards.
The parties shall have joint legal custody of the minor children with no designation of principal residence. The children have lived with each of the parents since the separation. However, when any of the children, as minors, reside with the defendant, the plaintiff shall pay to her as child support the sum of $150 per week per child, which sum although slightly less than the guidelines, is CT Page 9860 appropriate due to the financial state of the parties at this time.
The plaintiff shall maintain health insurance on the children as is available through his employment and shall be responsible for any unreimbursed medical expenses.
The plaintiff shall pay periodic alimony to the defendant in the amount of $250.00 per week, which payment shall be made to Attorney Lisa Faccadio until such time as a conservator of the defendant's estate is appointed. The alimony payment shall continue until the defendant's death or remarriage.
The plaintiff shall name the defendant and the minor children as irrevocable beneficiaries of his life insurance benefits, so long as he has support obligations towards them.
The plaintiff by a Qualified Domestic Relations Order (QDRO) shall transfer to the defendant one-half of his profit sharing plan valued as of December 31, 1992. Defendant's counsel shall prepare said order, with the court retaining jurisdiction thereon.
The plaintiff shall be the sole owner of his pension plan free and clear from any claims by the defendant.
The plaintiff shall assist the defendant in the timely election of his COBRA benefits under his health insurance plan through his employer, and for the 36 months of coverage shall pay the premium for her coverage as an order of support, General Statutes Sec. 46b-82.
The defendant shall transfer to the plaintiff by quit claim deed, which she shall record in the land records of Deep River, Conn., all her right title and interest in the marital home on Essex street, Deep River, Conn. The plaintiff shall assume all the indebtedness on the property i.e., mortgages, taxes, insurance or assessments and shall indemnify and hold harmless the defendant from any deficiency judgments that may arise as a result of foreclosures. If the plaintiff seeks Chapter 7 personal bankruptcy he shall also, in that event, indemnify and hold harmless the defendant from any such deficiency judgments. CT Page 9861
The plaintiff shall retain as his own all personal property and bank accounts shown on his financial affidavit.
The plaintiff shall pay Attorney Farrell's counsel fees in the amount of $500.00; Attorney Faccadio's fees in the amount of $500.00; and, Attorney Munro's fees in the amount of $2,000.00. He shall pay these fees at the rate of $10.00 per month toward each until there is left unpaid only that of Attorney Munro. At that point, he shall continue to pay $30.00 per month toward Attorney Munro's fees.
The defendant's maiden name Margaret Ann Farrell is restored to her.
Pursuant to General Statutes Sec. 52-362(b) a contingent wage execution is ordered against the plaintiff.
The defendant shall keep as her own, free and clear any claims of the plaintiff, all her interest in the estate of her father, specifically real property located in Westbrook, Conn. or its proceeds.
Accordingly, a decree may enter dissolving the marriage of the parties and incorporating therein the orders and awards outlined above.
SPALLONE STATE TRIAL REFEREE
Judgment Entered in Accordance with, Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk